IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERROD HERNDON,

    Petitioner,

vs.

APPEALS COORDINATOR,

    Respondent.

No. C 11-06286 YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On December 14, 2011, Petitioner, a state prisoner, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On the same day the action was filed the Clerk of the Court sent a notification to Petitioner informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* application. The Clerk sent Petitioner a blank *in forma pauperis* application and told him that he must pay the fee or return the completed application within thirty days or his action would be dismissed.

Petitioner failed to pay the filing fee or complete a prisoner's *in forma pauperis* application within the specified time. Therefore, on January 25, 2012, the Clerk sent a second notification to Petitioner again informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* application. The Clerk again sent Petitioner a blank *in forma pauperis* application and told him that he must pay the fee or return the completed application within thirty days or his action would be dismissed.

On February 7, 2012, Petitioner filed an completed *in forma pauperis* application and a certificate of funds. (Docket no. 8.) He did not, however, include a copy of his prisoner trust account statement. In addition, his certificate of funds was not completed or signed by an authorized officer at the prison. The certificate of funds *must* be completed and signed by an authorized officer at the prison.

Because Petitioner's *in forma pauperis* application was still deficient for the above-referenced reasons, on March 19, 2012, the Clerk send a third notification to Petitioner. This notification informed Petitioner that his application was deficient due to the failure to include a

prisoner trust account statement and the failure to include a certificate of funds completed and signed by an authorized officer at the prison.

On April 4, 2012, Petitioner filed another *in forma pauperis* application. (Docket no. 16.) As with the prior application, however, Petitioner failed to include a copy of his prisoner trust account statement. It also appears that he completed his own certificate of funds.

More than two months have passed since Petitioner received the third notification from the Clerk instructing him how to cure the deficiencies in his *in forma pauperis* application. Petitioner, however, has failed to cure these deficiencies.

Accordingly, IT IS HEREBY ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE. Petitioner's *in forma pauperis* application is DENIED as incomplete. The Clerk shall enter judgment, terminate all pending motions, and close the file.

This Order terminates Docket nos. 8 and 16.

IT IS SO ORDERED.

DATED: May 31, 2012

**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**